Dear Judge Johnson:
This office is in receipt of your opinion request of recent date wherein you asked whether a $200.00 fee may be legally charged to personal sureties and then deposited in the Judicial Expense Fund of the magistrate who granted the personal surety bond.
Louisiana Code of Criminal Procedure Article 315 governing personal sureties provides:
Art. 315. Personal surety
 A personal surety must be a citizen and resident of Louisiana, and worth, considering all his property whether incorporeal movable or immovable property, the amount specified in the bail bond. The worth of the surety shall be exclusive of the amount of any other bail bond on which he may be principal or surety, exclusive of property exempt from execution, and over and above all his other liabilities. When there is more than one surety the above requirements shall apply to their aggregate worth. No personal surety shall charge a fee or receive any compensation for posting a personal surety bond on behalf of any person.
Louisiana Code of Criminal Procedure Article 321 provides as follows:
Art. 321. Affidavit of surety
 A personal surety shall execute an affidavit that he possesses the sufficiency and qualifications prescribed by Article 315 and that he is not disqualified from becoming a surety by Article 320. The affidavit shall list the number and amount of undischarged bail bonds, if any, entered into by the surety. The officer accepting the bail may require the surety to state in his affidavit the nature and value of his property not exempt from execution, and the amount of his liabilities. An officer authorized to accept the bail shall have authority to administer any affidavit required of the person signing a bail bond.
The issue of charging a $200.00 fee to Personal Sureties has been addressed in relevant case law. In Coursey v. Treme, 249 So.2d 345
(La.App. 4 Cir. 1971) the court established the construction and application of the articles related to personal sureties. The court held:
 The statutory requirements [for a personal surety bond under C.Cr.P. article 315 (former C.Cr.P. article 324) and C.Cr.P. article 321 (former C.Cr.P. article 327)] are mandatory and compliance is necessary for the validity of the bond. While the judge is allowed wide discretion in such matters as setting or reducing the amount of the bond, or to some extent in the matter of certifying the sufficiency of the surety, he has no discretion to dispense with such integral and essential matters as the worth of the surety. Id at 347.
LSA-R.S. 13:1336(B) provides in pertinent part:
 B. The judges of the Criminal District Court for the Parish of Orleans shall have power to act as committing magistrates in all felony charges and to hold preliminary examinations, with authority to bail, or discharge, or to hold for trial, in all cases before said court. They also may adopt all necessary rules with respect thereto.
The law permits the judge wide discretion in matters relative to the sufficiency of the surety. While the discretion to test the sufficiency of a surety in the form of an indemnity bond is allowed under the provisions of LSA-R.S. 13:1336(B), this discretion does not extend to charging a $200.00 fee which is deposited in the Judicial Expense Fund of the magistrate who granted the personal surety bond. Without further elaboration, such action cannot be considered as part of the authority to "adopt all necessary rules with respect" to, inter alia, bail.
For this reason, we conclude that it has not been demonstrated how the necessity of such a fee is related to matters of bail and therefore, how the creation of such a fee falls within the court's authority to "adopt all necessary rules with respect" to bail. (Emphasis added).
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ PEGGY GOODS ASSISTANT ATTORNEY GENERAL
PG/cs/jy
Date received:
Date released: October 14, 2003